# CIRCUIT COURT OF ACCOMACK COUNTY

In re Estate of
Grace Hickman Peterson,
deceased

May 19, 2004

Case No. (Chancery) 03CH157

BY JUDGE GLEN A. TYLER

In this cause in Chancery, the Court is asked to give aid and direction to Jeffrey A. Sachs, Administrator c.t.a. of the Estate of Grace Hickman Peterson, deceased, who departed this life in 2002. The decedent, by a Will executed in 1958, devised her Estate to her husband, Harold E. Peterson, "his heirs, and assigns forever." However, he predeceased her in 1992. The question is whether the heirs of Grace or the heirs of Harold inherit her estate.

The heirs of Harold E. Peterson contend that they are entitled to the Estate because of the language in the Will. The Administrator stands neutral in this matter and, though he is uncertain, he believes that the heirs of Grace have the better position according to the law.

The facts are not in dispute. Harold and Grace, husband and wife, executed essentially identical wills in 1958, each giving his or her entire estate to the other. Her Administrator qualified before the Clerk of this Court in 2003. At the time of his death, Harold's sole heir was his wife, Grace. They had no descendants; their grandparents had no descendants. It is immaterial whether Harold's Will was ever probated.

The heirs of Grace were served with process, or waived process, and are properly before the Court *in personam*. The heirs of Harold were unknown to the Administrator at the time of the filing of his petition for aid and direction and were served by order of publication. Ros R. Willis, Esquire, was appointed Guardian *ad Litem* by the Court and filed his answer for any heirs who may be under a disability.

Responding to the publication, the heirs of Harold sent letters to the Clerk, though no pleadings have been filed by them. Nevertheless, some heirs of Harold appeared at oral argument in open Court on February, 26, 2004, and, on behalf of all his heirs, argument was heard and a brief was filed by counsel. Without objection, the heirs of Harold are before the Court *in personam* as well. The heirs of Grace are not represented by counsel.

In her Will, Grace provides in pertinent part as follows:

> I give, devise, and bequeath to my husband, Harold E. Peterson, *his heirs, and assigns forever*, all of my property, real, personal, and mixed. . . .

(Emphasis added.)

She neither named a substitute beneficiary if her husband should predecease her nor provided a residuary clause.

The Administrator suggests in argument and in his brief by counsel that, but for the words "and assigns forever," the statute, Va. Code Ann. § 55-14 (2003 Repl. Vol.), reversing the common law Rule in Shelley's Case, 1 Coke Rep. 93b (1581), would come into consideration, and there would be no question and no need for aid and direction, and the Administrator would simply follow the statutory law. He concludes that the additional words referred to raise an issue of construction and that the testator's intent becomes material. He goes on to argue that the language shows an intent on the part of the testator to convey all property to Harold in fee simple. He then argues that the gift lapses because her husband predeceased her. (The anti-lapse statute, Va. Code Ann. § 64.1-64.1 (2002 Repl. Vol.), does not apply in this case.)

The heirs of Harold, by counsel, simply disagree. They argue that the words "and assigns forever" do not declare a power of disposition defeating the statutory law.

Counsel for both the Administrator and the heirs of Harold argue that the common law Rule in Shelley's Case and the statute come at least into consideration. The Court does not agree with either in their reasoning. Neither the Rule in Shelley's Case nor the statute abolishing the Rule comes into consideration in this case. See Cornelius J. Moynihan, *Introduction to the Law of Real Property*, chap. 6A (1962).

To paraphrase the Rule in Shelley's Case, it says whenever a person takes an estate and in the same writing the estate is limited by remainder to the person's heirs, the word "heirs" is not a word of purchase and thus does not

create a remainder in the person's heirs. The Statute simply reverses the Rule and provides that a remainder is created. But Harold has not taken any estate by any writing.

The Restatement of the Law of Property takes the position that, when there is no life estate in the "ancestor," Harold, the Rule in Shelley's Case does not apply. Restatement (First) Property, § 312, cmt. c, illus. 5-I. Thus, the Restatement says, if the Rule does not apply, the heirs of Harold take the remainder as purchasers. Restatement (First) of Property, § 312, cmt. j. The Restatement then takes the position that, when a will contains a limitation *which satisfies* all of the requirements of the application thereto of the Rule in Shelley's Case and of a statute abrogating the rule, then the limitation is given effect and the heirs take. Restatement (First) Property, § 313.

However, the circumstances in this case are such that no life estate was created. Harold does not take an estate of freehold as required by Va. Code Ann. § 55-14 (2003 Repl. Vol.).

This case involves simply a lapsed devise and legacy. A lapse is not affected by the fact that words of limitation are used in the gift. George P. Smith, Jr., *Harrison on Wills and Administration,* § 422 (3d ed. 1985). It is also seen that "the doctrine ... that the words 'and his heirs' ... are regarded merely as words of limitation and not as words of substitution ... and hence must be regarded as not preventing a lapse ... is well established in modern jurisprudence." 80 Am. Jur. 2d, *Wills,* § 1429 (2002).

This Court concludes that the heirs of Grace Hickman Peterson, deceased, have inherited her entire Estate.